UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Washington DC

| | | |
|---|---|---|
| JANIE COLE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 07-1829 (RJL) |
| | ) | |
| EARL A. POWELL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPLY TO COURT ORDER OF FEBRUARY 15, 2008, REQUEST TO EXTEND TIME FOR SERVICE OF COMPLAINT AND NOTIFICATION THAT SERVICE HAS BEEN EFFECTED

Comes now the Plaintiff Janie Cole, by and through counsel, and hereby responds to the Court's Order to show cause concerning the issue of service of the Complaint as follows:

On October 10, 2007, Plaintiff filed a suit in the U. S. District Court for the District of Columbia claiming discrimination and retaliation against the National Gallery of Art and seeking a declaratory judgment on the impropriety of certain agreements entered into by the National Gallery.

As the Affidavit of Matthew T. Sutter avers (attached as Exhibit A), there was an oversight on the issue of service. While three of the four essential designees for the Government were served, service on the U.S. Attorneys for the District of Columbia was not completed.

The 120th day for service in this case fell on February 10, 2008, a Sunday. Thus, the 120th day for service should have been February 11, 2008, a Monday. Service was actually effected on February 12, 2008, a Tuesday, as referenced in the Summons with Return of Service attached hereto as Exhibit B.

Rule 4 (h)(i)(4) of the Federal Rules of Civil Procedure requires a Court to provide reasonable time to cure its failure to serve an Agency where the party has served either the U. S. Attorney or the Attorney General. The Rule, however, does not specify whether any such extension should be granted where the Agency and the Attorney General are served, but the U. S. Attorney is not. Plaintiff believes, however, that the equitable principles set forth in Rule 4 (h)(i)(4) should be extended here.

In the instant action, Plaintiff neglected to serve the U. S. Attorney until 123 days after suit was filed. However, the U. S. Attorney's Office has now entered an appearance in the case and a representative has been designated. Thus, there has been no harm to the Defendant, and he is not properly on notice. It should be noted that Plaintiff's counsel did attempt to have the U. S. Attorney served within the 120-day period, but a delay by the process server occurred.

In addition to the above, the undersigned counsel was involved in moving between firms during the period when service ran. On February 4, 2008, Mr. Byrnes joined Grad, Logan & Klewans, P.C., in Falls Church, Virginia. In the weeks before and after the move, there was some disruption of counsel's practice, not the least of which was the loss of the electronic tickler file counsel maintained.

This is a case of excusable neglect which the Supreme Court has defined to include acts of mistake or inadvertence. Pioneer Inv. Services v. Brunswich Assoc., 507 U.S. 380, 388 (1993). The impact of a change of firms has been recognized as a factor to be considered in determining whether an inadvertent error has occurred under the definition of excusable neglect. Steel v. Alva Pub. School Dist., 162 F. Supp. 2d 1083 (WD. Ark. 2001).

We also note in the instant case that counsel also attempted to secure timely service of the complaint and summons on the U.S. Attorney's Office. Counsel is at a loss to understand why a

delay of two weeks occurred between securing a process server and having the service effected; but as counsel has been unable to secure a response from Alliance Legal Services, counsel assumes it was simply a neglectful oversight.

Plaintiff counsel acted in good faith to cure the defect of a lack of timely service and the Government is not prejudiced by the delay of three days (or alternatively one day) in the service of the Complaint. Defendant remains free to present all defenses, denials or dispositive motions. We note also that both the declaratory judgment and a complaint of discrimination arise out of a previously set administrative record. Thus, the government is not prejudiced by a delay in being able to investigate facts.

Counsel neither minimizes the delay nor the mistake that led to it. However, counsel requests that the Court not penalize Ms. Cole and not require Plaintiff to refile its complaint as that would undoubtedly incur expense for all involved.

Counsel, therefore, respectfully requests the Court extend the time for service consistent with the February 12, 2008, service date and allow the case to proceed.

Respectfully submitted,

JANIE COLE
*Plaintiff by Counsel*

**GRAD, LOGAN & KLEWANS, P.C.**

_____ /s/ Kevin Byrnes
Kevin Byrnes, DC Bar #480195
3141 Fairview Park Drive, Suite 350
Falls Church, VA 22042
Firm Telephone: 703-548-8400
Direct Line:  703-535-5393
Facsimile: 703-836-6289
Email: kbyrnes@glklawyers.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

   I hereby certify that on this 11th day of March, 2008, a true copy of the foregoing Plaintiff's Reply to Court Order of February 15, 2008, Request to Extend Time for Service of Complaint and Notification that Service has been Effected was delivered by filing and entering the same upon the electronic court filing website of the United States District Court of the District of Columbia, to the attention of Defendant's counsel, as follows:

   Harry B. Roback. Assistant United States Attorney
   Office of the U.S. Attorney - District of Columbia
   Civil Division
   501 3rd Street, 4th Floor
   Washington, D.C. 20530
   Telephone: (202) 616-5309
   Email: harry.roback@usdoj.gov
   *Counsel for Defendant*


                /s/ Kevin Byrnes
        Kevin Byrnes, DC Bar # 480195
        GRAD, LOGAN & KLEWANS, P.C.
        3141 Fairview Park Drive, Suite 350
        Falls Church, VA 22042
        Firm Telephone: 703-548-8400
        Direct Line:  703-535-5393
        Facsimile: 703-836-6289
        Email: kbyrnes@glklawyers.com
        *Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Washington DC

JANIE COLE                          )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )          Civil Case No. 07-1829 (RJL)
                                    )
EARL A. POWELL,                     )
                                    )
        Defendant.                  )
_____)

## <u>AFFIDAVIT OF MATTHEW T. SUTTER</u>

I, Matthew T. Sutter, do hereby depose and say:

     1.    On October 10, 2007, I was employed as an associate in the firm of Wade & Byrnes, P.C. At the time I had been an associate at Wade & Byrnes for four years and had previously assisted Mr. Kevin Byrnes on filing federal discrimination lawsuits on several occasions.

     2.    On that date Kevin Byrnes, then a partner in Wade & Byrnes, filed suit in the U.S. District Court for the District of Columbia on behalf of Janie Cole against the National Gallery of Art.

     3.    Mr. Byrnes directed me to have our process server serve the matter on all appropriate parties, including the U. S. Attorney for the District of Columbia.

     4.    On October 24, 2007, I engaged Alliance Legal Services to serve summons of the instant complaint on the U. S. Department of Justice (see Exhibit 1) and Earl Powell, the Director of the National Gallery of Art.

*Exhibit A*

5.      On November 6, 2007, I directed Alliance Legal Service to serve a copy of the summons and complaint on the Attorney General (see Exhibit 2).

6.      These summons and copies of the complaint were then duly served (see Exhibit 3).

7.      As a result of neglect, I failed to serve the U. S. Attorney's Office for the District of Columbia. In January when no answer to the Complaint was submitted, I checked the file and recognized my error.

8.      On January 29, 2008, I requested Alliance Legal Service serve the summons and copy of the complaint on the U. S. Attorney for the District of Columbia. I informed Mr. Byrnes of the error.

9.      On February 12, 2008, Alliance Legal Service served the U. S. Attorney's Office (see Exhibit 4).

10.     On February 29, 2008, Harry B. Roback entered an appearance on behalf of the United States.

11.     Service was effected on the U. S. Attorney's office 123 days after the suit was filed, due to attorney oversight. Counsel had attempted to have service conducted within the 120 day period, but process was not served until February 12, 2008.

12.     Alliance Legal Service was unable to explain its delay in serving process some two weeks after the summons was received.

13.     Counsel apologizes to the Court and the litigants for the error and asks that Ms. Cole not be penalized for the delay which does not prejudice any party.

Further, the affiant sayeth not.

_____
Matthew T. Sutter

Subscribed and sworn before me this _____ day of March, 2008.

Commonwealth of Virginia:
City of Alexandria, to wit:

Notary Public: _____

My Commission Expires: _____

Registration Number: _____



3

AO 440  (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

JANIE COLE
107 May Avenue
Bridgeville, PA 15017

**SUMMONS IN A CIVIL CASE**

V.

EARL A. POWELL
Director, National Gallery of Art
2000-B South Club Drive
Landover, Maryland 20785

CASE NUMBER:    1:07-cv-01829-RJL

TO: (Name and address of Defendant)

EARL A. POWELL
 Director, National Gallery of Art
 2000-B South Club Drive
Landover, Maryland 20785

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Kevin Byrnes
Wade & Byrnes P.C.
616 N. Washington Street
Alexandria, Virginia 22314

an answer to the complaint which is served on you with this summons, within _____60_____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON

OCT 18 2007

CLERK

DATE

(By) DEPUTY CLERK

Exhibit 1

AO 440  (Rev. DC – September 2003)  Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE  *11-2-07  @ 1:21PM* |
| NAME OF SERVER *(PRINT)*  *Marylou Slattery* | TITLE  *PPS* |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:  _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:  _____

☐ Returned unexecuted:  _____

☒ Other (specify):  *SS: Mildred J. Holeman  SPO*
*New Address: 16th St. & Constitution Ave., N.W.*
*Washington, DC*

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  *11/5/2007*
_____
Date

*Mary Lou Slattery*
_____
Signature of Server

*6188B Old Franconia Rd., Alexandria, VA*
*22310*
_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

JANIE COLE
107 May Avenue
Bridgeville, PA  15017

**SUMMONS IN A CIVIL CASE**

V.

EARL A. POWELL
Director, National Gallery of Art
2000-B South Club Drive
Landover, Maryland 20785

CASE NUMBER:    1:07-cv-01829-RJL

TO: (Name and address of Defendant)

Peter D. Keisler, Acting Attorney General
U.S. Department of Justice
10th and Constitution Avenue, N.W.
Washington, D.C.  20503

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Kevin Byrnes
Wade & Byrnes P.C.
616 North Washington Street
Alexandria, Virginia 22314

an answer to the complaint which is served on you with this summons, within _____ 60 _____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON

NOV 05 2007

CLERK

_Jackie Frane_

(By) DEPUTY CLERK

DATE

Exhibit 2

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE *11-15-2007* |
| NAME OF SERVER *(PRINT)* *Mary Lou Slattery* | TITLE *PPS* |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

☒ Other (specify): *SS: W.T. Lee, General Clerk / Mailroom*
*Served @ 950 Pennsylvania Ave, N.W.*
*Washington, DC 30503*

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on *11/16/2007*          *Mary Lou Slattery*
_____          _____
            Date                      Signature of Server

*6188-B Old Franconia Rd., Alexandria, VA 22310*
_____
                  Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

JANIE COLE
107 May Avenue
Bridgeville, PA 15017

**SUMMONS IN A CIVIL CASE**

V.

EARL A. POWELL
Director, National Gallery of Art
2000-B South Club Drive
Landover, Maryland, 20785

CASE NUMBER:     1:07-cv-01829-RJL

TO: (Name and address of Defendant)

Jeffrey A. Taylor, Esq.
United States Attorney for the District of Columbia
555 4th Street, NW
Washington DC 20530

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Kevin Byrnes, Esq.
Wade & Byrnes P.C.
616 North Washington Street
Alexandria, VA 22314

an answer to the complaint which is served on you with this summons, within _____ 60 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON

JAN 1 5 2008

CLERK                                    *Laura Chipi*

DATE     *Exhibit B*

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 2-12-2008 |

| | TITLE |
|---|---|
| NAME OF SERVER *(PRINT)*  LISA COPE | PPS |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify): New Address: 501 3rd St., N.W. Ste. 4500, Washington, DC
Sub-Served: Gary Nails, Contractor

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   2/12/2008
          *Date*

*Signature of Server*   Lisa Cope

6188-B Old Franconia Rd., Alexandria, VA 22310
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.