UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANIE COLE, | ) |
|     Plaintiff, | ) |
| v. | )    Civil Action No. 07-1829 (RJL) |
| EARL A. POWELL III, Director of the National Gallery of Art, | ) |
|     Defendant. | ) |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

In her opposition, Janie Cole ignores *all* of the National Gallery's arguments which show that – even if her claims are timely – she has failed to state a claim on which relief can be granted. (Dkt. 10.) Indeed, instead of rebutting the National Gallery's legal arguments, Cole simply restates the allegations in her Complaint. (Dkt. 10 at 6-14) (re-alleging, without any discussion, 62 allegations from the Complaint). But asserting the same deficient allegations twice does not create a viable claim.

Cole ignores the arguments that her contract claims fail because: (1) she settled her non-promotion claim (Dkt. 8-2 at 7); (2) the waiver in the settlement agreement is valid (*id.* at 7-8); (3) the settlement agreement does not interfere with Cole's FMLA rights (*id.* at 8-9); (4) the settlement agreement is supported by adequate consideration (*id.* at 9-10); and (5) the settlement agreement does not contain any illusory promises (*id.*).

Cole also does not respond to the National Gallery's contention that her retaliation claim fails because the settlement agreement is not retaliatory (*id.* at 10); the agency is required to keep track of employees' use of FMLA leave (*id.* at 10-11); and the settlement agreement permits Cole to take unscheduled medical leave with supporting documentation (*id.* at 11).

Finally, Cole ignores the National Gallery's arguments which demonstrate that her constructive discharge claim must be dismissed. Specifically, Cole fails to dispute that the inadequate investigation of discrimination allegations is not actionable (*id.* at 11-12); the FMLA does not provide a private right of action for employees – like Cole – who worked at the agency for more than 12 months (*id.* at 13); and Cole's constructive discharge claim cannot be predicated on her ability to use FMLA leave because, according to her, the National Gallery permitted Cole to use the full amount of FMLA leave to which she was entitled (*id.* at 12-13).

The Court should treat all of these arguments as conceded and dismiss Cole's claims under Title VII, the Rehabilitation Act, and the FMLA. *Tnaib v. Document Tech., Inc.*, 450 F. Supp.2d 87, 91 (D.D.C. 2006) ("When a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded.")

Moreover, as a threshold matter, Cole did not timely exhaust her administrative remedies. Thus, the Court should dismiss her contract claims without addressing them on the merits.

## ARGUMENT

### I.   COLE'S CONTRACT CLAIMS ARE UNTIMELY

Cole contends that the EEOC's regulation that requires an employee challenging a settlement agreement to notify the agency's EEO office within 30 days (29 C.F.R. § 1504.504) does not make her contract claims untimely. (Dkt. 10 at 4-5.) According to Cole, that regulation only applies if an employee alleges that the agency breached a settlement agreement; the regulation does not apply in cases where, as here, the employee alleges that the settlement agreement is void *ab initio*. (*Id.*)

However, the EEOC has applied § 1614.504 to claims of breach *and* claims that the settlement agreement is void. *See, e.g.*, *Eatinger v. Nicholson*, 2005 WL 3038169 at *1-2 (EEOC Nov. 8, 2005); *Baker v. England*, 2002 WL 1841060 at *1-2 (EEOC Aug. 6, 2002).[1] This is a sound rule because otherwise an employee could sign a settlement agreement with an agency, receive the benefits to which she is entitled under the agreement, and then claim that the agreement is void when it is time for her to perform. That is essentially what happened here: Cole signed the settlement agreement with the National Gallery; under the agreement the National Gallery guaranteed her a promotion if she had less than two unexcused absences during a ninety day trial period; and, after not receiving the promotion because she had several unexcused absences, Cole claims that the settlement agreement was void all along. Notably, Cole does not cite any other authority as providing the pertinent limitations period for her claim that the settlement agreement is void. (Dkt. 10 at 5-6.) Nor does she cite any other authority for challenging the agreement as void, instead herself proceeding under the same provision, §1614.504, that contemplates only breach claims. In these circumstances, the Court should defer to the EEOC's reasonable interpretation of its own regulation and hold that the 30 day limitations period prescribed in § 1614.504 applies to Cole's claims that the settlement agreement is void. *Federal Exp. Corp. v. Holowecki*, 128 S. Ct. 1147, 1154 (2008) (deferring to EEOC's interpretation of its own regulation).

Cole asserts that the thirty day limitations period can be subject to equitable tolling, estoppel, and waiver. (*Id.* at 5.) The National Gallery does not dispute this statement of law.

---

[1] *But cf. Vann v. Potter*, 2006 EEO PUBLEXIS 1557 at *2-3 (EEOC April 14, 2006).

However, Cole does not argue that any of these equitable doctrines are applicable in this case.[2] *Herron v. Veneman*, 305 F. Supp.2d 64, 72 (D.D.C. 2004) (holding that the plaintiff bears the burden of showing that the limitations period is subject to one of the equitable doctrines). Thus, there is no basis for the Court to toll the limitations period here. *Id.*

The Court should dismiss Cole's contract claims because she failed to timely exhaust her administrative remedies. Even assuming that the thirty day limitations period began after she learned that the National Gallery was not promoting her to a GS-11 position, she waited more than thirty days before notifying the agency's EEO office that she believed the settlement agreement was void.[3] (Dkt. 8-2 at 4-6.)

**II.    COLE APPLIES THE WRONG LEGAL STANDARD**

Cole's opposition demonstrates that she has a fundamental misunderstanding of Rule 12(b)(6). Rule 12(b)(6) is designed to test the legal sufficiency of the Complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The court must construe the factual allegations in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can reasonably be derived from the facts as they are alleged in the complaint. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept any inferences

---

[2] Cole points out that in *Bowden v. United States*, 106 F.3d 433 (D.C. Cir. 1997) the D.C. Circuit held that an employee's failure to exhaust administrative remedies is like a statute of limitations defense, and is not jurisdictional. (Dkt. 10 at 5.) The National Gallery does not disagree, which is why it moved to dismiss Cole's contract claims under Rule 12(b)(6) rather than Rule 12(b)(1).

[3] In her untimely administrative complaint, Cole also alleged that the National Gallery had breached the settlement agreement.

that are unsupported by the facts pleaded in the complaint. *Kowal*, 16 F.3d at 1276. The Court also does not need to "accept legal conclusions cast in the form of factual allegations." *Id.* Dismissal is appropriate when the facts alleged in the Complaint, even if true, would not entitle the plaintiff to relief. *Id.* Dismissal is also appropriate under Rule 12(b)(6) where the "allegations contradict the claim asserted[.]" *Browning*, 292 F.3d at 242. In ruling on the National Gallery's motion to dismiss under Rule 12(b)(6), the Court may consider the settlement agreement. *Manganaro Corp. v. Jefferson at Penn Quarter, L.P.*, 2005 WL 3273879 at *1, n.3 (D.D.C. Aug. 9, 2005).

Instead of challenging the legal arguments raised in the National Gallery's motion to dismiss, Cole oddly restates numerous paragraphs in the Complaint. (Dkt. 10 at 6-14.) But the National Gallery's motion to dismiss already assumes that the *factual* allegations in the Complaint are true, except to the extent that they are belied by the clear terms of the settlement agreement itself. (Dkt. 8-2 at 6-13.) Cole's failure to rebut the National Gallery's legal arguments is dispositive.

Moreover, a close examination of the "facts" that Cole believes are "in dispute" shows that all of them are belied by the clear terms of the settlement agreement, legal conclusions cast as factual allegations, or irrelevant to the issues raised in the National Gallery's motion to dismiss. The National Gallery addresses each "fact" below:

1-7.    Facts 1-7 all relate to Cole's August 2005 EEO complaint regarding her non-selection for a GS-11 position. (Dkt. 10 at 7-8.) But her non-selection for a GS-11 position in August 2005 is the precise claim that Cole settled in October 2005. (Dkt. 8-2 at 2-3.) In addition, these facts are irrelevant to Cole's claims in this case that the settlement agreement is

void and that *after* she entered into the settlement agreement the National Gallery discriminated against her. Thus, even if these facts are true, they would not defeat the National Gallery's motion to dismiss.

      8.     Fact 8 relates to whether the settlement agreement "addressed [Cole's] claims of discrimination based on her religion, Christianity." (Dkt. 10 at 8.) By its plain terms, however, the settlement agreement addressed Cole's religious discrimination claims. (Dkt. 8-2 at 2-3.) The Court may properly look at the settlement agreement in resolving this motion to dismiss, and Cole may not dispute the unambiguous terms of the agreement.

      9-18.     Facts 9-18 relate to whether the settlement agreement violated Cole's rights under Title VII, the Rehabilitation Act, or the FMLA. These are legal questions that can be decided based on the language of the settlement agreement as well as the pertinent statutes. The National Gallery explained in its motion to dismiss why, as a matter of law, the settlement agreement does not violate any of the foregoing statutes. (Dkt. 8-2 at 6-13.) Cole does not dispute the National Gallery's legal arguments.

      19.     Fact 19 relates to whether an EEO officer drafted the settlement agreement. This factual allegation, even if true, does not defeat the National Gallery's motion to dismiss. Indeed, it is irrelevant to legal issues presented in this motion to dismiss. Cole's signature on the settlement agreement makes it binding on her. *See* 29 C.F.R. § 1614.504(a).

      20-21.     Facts 20-21 relate to whether the settlement agreement violated Cole's rights under Title VII, the Rehabilitation Act, or the FMLA. These are legal questions that can be decided based on the language of the settlement agreement as well as the pertinent statutes. The National Gallery explained in its motion to dismiss why, as a matter of law, the settlement

agreement does not violate any of the foregoing statutes. (Dkt. 8-2 at 6-13.) Cole does not dispute the National Gallery's legal arguments.

22-23.   Facts 22-23 relate to the adjudication of her administrative claim. However, an agency's processing and resolution of an EEO complaint is not actionable. (Dkt. 8-2 at 11-12.)

24-28.   There are no factual allegations contained in paragraphs 24-28. These paragraphs relate to the legal issue of whether the settlement agreement is enforceable. The National Gallery explained in its opening memorandum why the settlement agreement is enforceable. (Dkt. 8-2 at 6-13.)

29-34.   The plaintiff contends that the settlement agreement itself is retaliatory and punitive. In particular, she believes that, as a result of the settlement agreement, the National Gallery closely monitored her use of FMLA leave. But the applicable regulations already required the National Gallery to monitor Cole's – and every other employee's – use of FMLA leave. (Dkt. 8-2 at 10-11.) Moreover, Cole alleges in the Complaint that the National Gallery permitted her to use all of her FMLA leave. (Compl. ¶ 84.) Thus, her own Complaint belies her claim to relief. *Browning*, 292 F.3d at 242.

35-37.   Cole's contention that the settlement agreement contained illusory terms is a question of law. But even if it were a question of fact, the Court may consider the settlement agreement in ruling on the National Gallery's motion to dismiss. The National Gallery explained in its motion why there are no illusory terms in the settlement agreement. (Dkt. 8-2 at 9-10.)

38.   Cole's allegations regarding the EEO official's activity in July 2005 is not relevant to the issues raised in this motion to dismiss. Even if these allegations are true, they

have no bearing on the National Gallery's motion to dismiss.  (Dkt. 8-2 at 11-12.)

      39-40.  The role that Ms. Goode – an EEO official – played in resolving Cole's August 2005 EEO complaint is irrelevant to the claims asserted in this case.  Even if these allegations are true, they do not entitle Cole to any relief.  (*Id.*)

      41.     Whether the promises made by the National Gallery in the settlement agreement are illusory is a question of law that can be determined based on reviewing the contract itself.  (Dkt. 8-2 at 9-10.)

      42.     Cole alleges that the National Gallery monitored her use of FMLA leave because of the settlement agreement.  However, federal regulations require the National Gallery to monitor the use of FMLA leave by *every* employee.  (Dkt. 8-2 at 9-13.)

      43-46.  The Court can resolve the legal question of whether the settlement agreement unlawfully interfered with Cole's ability to take FMLA leave by reviewing the contract itself and the pertinent provisions of the FMLA.

      47-56.  The interference with an EEO investigation is not actionable as a matter of law.  (Dkt. 8-2 at 11-12.)  Even if these allegations are true, Cole would not be entitled to relief.

      57-58.  These legal questions relate to whether the settlement agreement, and the implementation thereof, is itself discriminatory.  The National Gallery explained in its opening memorandum why the settlement agreement is not itself evidence of discrimination.  (Dkt. 8-2 at 6-13.)

      59.     Whether Cole was constructively discharged is a legal issue.  The National Gallery explained in its opening memorandum why, even if the factual allegations in her Complaint are true, Cole was not constructively discharged.  (Dkt. 8-2 at 11-13.)

60. Cole's factual allegation that she suffers from depression is presumed true in the National Gallery's motion to dismiss. The allegation, even if true, does not defeat the National Gallery's motion to dismiss.

61. Whether Cole was constructively discharged is a legal issue. The National Gallery explained in its opening memorandum that she was not as a matter of law. (Dkt. 8-2 at 11-13.)

62. There are no facts alleged in this paragraph. Whether the National Gallery violated the Rehabilitation Act is a question of law. The National Gallery demonstrated in its opening memorandum that it did not violate the Rehabilitation Act as a matter of law. (Dkt. 8-2 at 10-13.)

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's motion and dismiss the Complaint in this action with prejudice.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
June 16, 2008                    (202) 616-5309